UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KYLE SMITH,

    Plaintiff,

v.                                             CASE NO.:

CSX TRANSPORTATION,

    Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KYLE SMITH, (hereinafter "Mr. Smith" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, CSX TRANSPORTATION, (hereinafter "CSX," "Company," or "Defendant") and states the following:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, his former employer, seeking to redress violations by Defendant of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

1

2. As further set forth below, Plaintiff alleges that Defendant unlawfully retaliated against him for exercising his rights in violation of the FMLA.

3. As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §§ 1391(b)(2)

because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Duval County, Florida.

## PARTIES

8.  The Plaintiff is KYLE SMITH, who resides in Flagler County.

9.  During the period from October 2020, until November 23, 2022, Defendant employed Plaintiff.

10. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

11. At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA.

12. The Defendant is CSX TRANSPORTATION, a Foreign Profit Corporation principally located at 500 Water St., Jacksonville, Florida 32202 in Duval County.

13. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Duval County, Florida.

14. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the FMLA.

15. Accordingly, Defendant is liable under the FMLA for unlawfully retaliating against Plaintiff in violation of the FMLA as more fully alleged herein.

## GENERAL ALLEGATIONS

16. On October 2020, CSX hired Mr. Smith to work as a Manager of Bridges and Structures.

17. On November 9, 2022, Mr. Smith sent an email to his supervisor, Christopher Luciani, telling him that he was planning to take FMLA leave for the birth of his child.

18. On November 11, 2022, Mr. Smith emailed Mr. Luciano formally requesting FMLA from November 14, 2022, to November 21, 2022.

19. After requesting FMLA, CSX personnel became hostile towards Mr. Smith because his FMLA leave put additional pressure on the other members of the workforce.

20. On November 21, 2022, Human Resources contacted Mr. Smith to inform him that they had an audio recording of a verbal altercation between Mr. Smith and a random individual at a gas station. Allegedly, Mr. Smith could be heard using extreme profanities in said recording. However, the verbal altercation happened outside of Mr. Smith's work hours and was not in any way related to his employment with CSX. Mr. Smith requested to hear the recording, but CSX refused to provide him with a copy.

21. On November 23, 2022, after his FMLA request, CSX gave Mr. Smith the option of either resigning from his job or facing termination. Mr. Smith reluctantly sent an email to CSX confirming his resignation effective on November 23, 2022.

## COUNT I
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
## FMLA Retaliation

22. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises his FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner

5

discriminat[ing] against any individual" for asserting his rights under the FMLA. 29 U.S.C. § 2615(a)(2).

24. As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an "eligible employee" and Defendant was and is an "employer" within the meaning of the FMLA.

25. As more particularly alleged hereinabove, Plaintiff qualified for leave under the FMLA.

26. Plaintiff engaged in statutorily protected activity by exercising his rights to take leave under the FMLA.

27. Defendant knew that Plaintiff was exercising his rights under the FMLA and was aware of Plaintiff's right to protected leaves of absence under the FMLA.

28. Defendant violated the FMLA and retaliated against Plaintiff by forcing him to choose between voluntary resignation or termination citing an incident that had no relation whatsoever to Plaintiff's employment with Defendant. This happened right after Plaintiff went back to work from his FMLA leave.

29. Defendant terminated Plaintiff in retaliation for his protected activity.

30. A causal connection exists between Plaintiff's requesting and taking FMLA leave and Defendant's adverse employment actions and ultimate decision to terminate Plaintiff's employment.

31. As more particularly alleged herein above, Defendant terminated Plaintiff without a legitimate basis for the decision.

32. Defendant's actions and omissions constitute violations of the FMLA.

33. As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

34. In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

35. Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

36. Finally, Plaintiff is entitled to reasonable attorney's fees,

reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, the Plaintiff, KYLE SMITH, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CSX TRANSPORTATION, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that Defendant discharged, Plaintiff for taking leave under the FMLA and exercising his rights under the FMLA;

B.    Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make him whole for any losses suffered because of such unlawful employment practices in violation of the FMLA;

C.    Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E. Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F. Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 1st day of September 2023.

                                            */s/ Jason W. Imler, Esq*
                                            Jason W. Imler
                                            Florida Bar No. 1004422
                                            **Imler Law**
                                            23110 State Road 54, Unit 407
                                            Lutz, Florida 33549
                                            (P): 813-553-7709
                                            Jason@ImlerLaw.com